MARÍA ANGELA EMMANUELLI SOLÍS, Plaintiff and Appellee, *v.* EMILIO H. AMY APONTE, Defendant and Appellant.

No. 4793. Argued April 5, 1929.—Decided June 24, 1929.

708

*Daniel Pellón Jr.* and *Antonio Ayuso* for the appellant. *Hugh R. Francis* and *J. Suárez Garriga* for the appellee.

JUDGMENT

By the court at the proposal of Mr. Justice Hutchison:

WHEREAS, the errors assigned by the appellant as committed by the court *a quo* are as follows:

"First. The court erred in finding that defendant Emilio H. Amy was a jovial, cheerful and communicative man socially and with friends when he was away from his home, but while in the home did not greet his wife and observed contemptuous silence towards her, showing in his looks hatred and contempt and a stern and wrathful countenance with the premeditated purpose of making the plaintiff suffer.

"Second. The court erred in finding that the defendant on several occasions had sudden bursts of passion which caused the plaintiff to fear that the defendant was going to strike her.

"Third. The court erred in finding that the defendant requested the plaintiff to give him a general power of attorney, and that on her refusal he went into a burst of rage, shook his fist in the plaintiff's face and did not speak to her for several months.

"Fourth. The court erred in finding that the plaintiff had surprised the defendant caressing a maidservant and thereupon the defendant made threats at the plaintiff.

"Fifth. The court erred in finding that the plaintiff's nervous system had been so weakened that she suffered intense headaches, frequent vomitings, nervous attacks and serious disorders, and that these physical ailments were caused immediately and directly by the frequent quarrels with the defendant.

"Sixth. The court erred in finding that the conduct of the defendant towards the plaintiff was of such a nature as to affect seriously the plaintiff's health.

"Seventh. The court erred in finding that this was a typical case of cruel treatment of the plaintiff by the defendant.

"Eighth. The court erred in not taking into account the testimony of the plaintiff, of defendant Emilio H. Amy and of his witnesses Rodolfo Vera and Enrique Amy from which it appears that after the occurrence of these acts which the court considers as having

been proved a reconciliation took place between the defendant and the plaintiff.

"Ninth. The court erred in finding that after the reconciliation the defendant continued to treat the plaintiff cruelly.

"Tenth. The court erred in sustaining the complaint."

WHEREAS, the only doubt which has arisen among the justices of this court and which disappeared after a cursory examination of the evidence, was originated by a suggestion of the *fiscal* in the sense that:

"The question which arises in the present case is whether the defendant observed that conduct only in his home for the purpose of making impossible the marital life between them or whether the character of the defendant was always the same both in and out of his home, in which case it would be necessary to apply the rule established by this Supreme Court that·the mere disparity of characters is not sufficient to prove the cruel treatment and injury required by the statute in a case of this kind."

WHEREAS, the testimony of Dr. Janer, a sister-in-law of the plaintiff, that the defendant is a cultured man, because he has shown it outside of the home (p. 16 of the record), and that away from home he was jolly and cheerful (p. 8 of the record), which testimony was not contradicted by any other testimony, nor challenged on cross-examination in that respect, is sufficient to establish a marked difference between the conduct of the defendant within the home and out of it, without the corroboration to be found in the testimony of other witnesses, such as Joaquín Emmanuelli, brother of the plaintiff (p. 26 of the record), Miguel Angel Emmanuelli, another brother (p. 50 of the record), nurse Felícita Varcárcel (p. 40), and Natalia González (p. 33);

WHEREAS, we find nothing in the brief of the appellant to show passion, prejudice or the commission of manifest error on the part of the district judge in weighing the evidence;

WHEREAS, we entirely agree with the lower court that the facts do not show a case of disparity of characters, as suggested by the *fiscal,* but a case of cruel treatment and grave

injury within the meaning of those words as used in our Civil Code and in accordance with the doctrine established by the modern jurisprudence on the matter,

THEREFORE, the judgment rendered by the District Court of San Juan on December 5, 1927, in this case is affirmed.

Mr. Justice Texidor took no part in the decision of this case.